United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATE COURT OF APPEALS
FIFTH CIRCUIT

No. 03-11148
Summary Calendar

In the Matter of: PROMEDCO OF LAS CRUCES, INC.; ET AL.,

Debtors.

-------------------------------

DAVID P. BUSER,

Appellant-Cross Appellee,

versus

PROMEDCO MANAGEMENT COMPANY;
PROMEDCO OF SOUTHWEST FLORIDA, INC.,

Appellees-Cross Appellants.

Appeal from the United States District Court
for the Northern District of Texas
(4:03-CV-633-A)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dr. David Buser was employed by the Naples Medical Center (NMC) under a five-year employment contract (the Second Employment Agreement, SEA). He also had a Split Dollar Agreement (SDA), under which ProMedCo of Southwest Florida agreed to pay the premiums on a split-dollar insurance policy (premiums split between term life

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insurance and an investment vehicle). Dr. Buser ceased his employment prior to the SEA's expiration. The two issues are: whether ProMedCo is entitled to surrender the policy to the insurer in exchange for its cash value; and whether Dr. Buser is liable for prejudgment interest. **AFFIRMED.**

I.

Dr. Buser began his NMC employment in 1996. In a series of related transactions in 1997, ProMedCo Managment Company and ProMedCo of Southwest Florida (jointly, ProMedCo) acquired NMC's assets; ProMedCo contracted to manage NMC's medical practice; physicians from Naples Obstetrics and Gynecology (NOG) were incorporated into NMC; ProMedCo entered into SDA's with NMC physicians, including Dr. Buser; and Dr. Buser signed the SEA with NMC.

Dr. Buser's SDA provided: in the event of *his* termination of the SEA, ProMedCo would have the right to "surrender the Policy and receive the cash surrender value thereof and any remaining balance of the Premium Escrow". The bankruptcy court held: the SDA and SEA jointly provided that, if *NMC* breached the SEA by terminating Dr. Buser without cause, Dr. Buser could retain the policy.

A series of events arising from a dispute between Dr. Buser and NOG physicians led to the end of Dr. Buser's employment under the SEA. The bankruptcy court found: the employment relationship ended in early November 1997, six months into its five-year term.

2

The ProMedCo entities are debtors in a bankruptcy filed in April 2001 by ProMedCo of Las Cruces and its affiliates. That May, NMC filed an adversary proceeding against ProMedCo. In turn, ProMedCo filed claims against NMC and numerous doctors, including Dr. Buser. Relevant to Dr. Buser, ProMedCo sought a judgment that it was entitled to the cash surrender value of the policies on the basis of physicians' terminations of their employment agreements; it further sought declaratory relief on the basis of noncompete provisions found in some, but not all, SDA's.

In answer to the claim, Dr. Buser asserted, *inter alia*, that ProMedCo "is in breach of its agreements with ... Buser and cannot enforce such agreements against ... Buser". In the joint pretrial order, however, the defense was stated differently: "Buser [was] terminated without cause and [is] therefore not liable under the forfeiture provisions of the split dollar agreements".

The bankruptcy court found: Dr. Buser had not agreed to a noncompete provision; therefore, ProMedCo would not receive relief on that basis. However, the bankruptcy court also found: Dr. Buser had been neither actually nor constructively discharged; instead, he voluntarily terminated his employment and therefore ProMedCo could surrender the policy for its cash value under the forfeiture provision, quoted *supra*. In addition, the bankruptcy court found that ProMedCo was entitled to prejudgment interest.

3

Dr. Buser filed a motion to amend the judgment with respect to, *inter alia*, the prejudgment interest. The motion did not address ProMedCo's entitlement to relief under the forfeiture provision. The bankruptcy court denied the motion.

On appeal, the district court affirmed ProMedCo's being entitled to surrender the policy but vacated the prejudgment interest.

## II.

Dr. Buser challenges ProMedCo's being entitled to surrender the policy; ProMedCo challenges denial of prejudgment interest. "We review the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*." *Williams v. Int'l Brotherhood of Electrical Workers Local 520* (*In re Williams*), 337 F.3d 504, 508 (5th Cir. 2003). "The constructive discharge issue, being a question of fact, is subject to the clearly erroneous standard of review." *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002); *see also Webb v. Florida Health Care Management Corp.*, 804 So.2d 422, 424 (Fla. Dist. Ct. App. 2001) (Florida court looking to Eleventh Circuit law on constructive discharge).

### A.

Dr. Buser makes two contentions about the relief awarded ProMedCo. Although both involve claims of breach, they are two different defenses: ProMedCo cannot enforce the SDA because of

4

breaches of the SEA; and breaches of the SEA establish that he was constructively discharged.

1.

Although the claim that ProMedCo cannot enforce the SDA was raised in Dr. Buser's answer, the argument in bankruptcy court solely concerned the issue of constructive discharge as a claim that, under the SDA, Dr. Buser rightfully owned the policy. Restated, the argument before the bankruptcy judge did not raise the issue of breach as an affirmative defense which would prevent ProMedCo from enforcing its rights under the SDA. An issue is adequately raised if it is "raised to such a degree that the trial court may rule on it". **Butler Aviation Int'l, Inc. v. Whyte** (*In re Fairchild Aircraft Corp.*), 6 F.3d 1119, 1128 (5th Cir. 1993).

It is not necessary, however, to consider whether the breach defense was properly raised in bankruptcy court. On appeal, Dr. Buser has failed to address why *NMC's purported breach of the SEA* would prevent *ProMedCo* from enforcing the *SDA*. The issue is inadequately briefed and, therefore, waived.

2.

As stated, Dr. Buser contends also that the bankruptcy court erred in finding that he had not been constructively discharged. Essentially for the reasons stated by the bankruptcy court and district court, we find no clear error.

5

B.

ProMedCo contends that the district court erred in vacating the bankruptcy court's awarding prejudgment interest on the cash surrender value of the policy.

The district court based its decision on the fact that the final judgment did not award monetary damages, on which prejudgment interest could be calculated. Instead, the bankruptcy court's judgment simply declared the existence of ProMedCo's, and the absence of Dr. Buser's, rights in the policy. Essentially for the reasons stated by the district court, prejudgment interest was not proper.

III.

For the foregoing reasons, the judgment is

*AFFIRMED*.

6